J-S56010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER PAUL KENYON | |
| Appellant | No. 753 MDA 2014 |

Appeal from the Judgment of Sentence January 22, 2014
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000352-2013

BEFORE: PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 16, 2014**

Appellant, Christopher Paul Kenyon, appeals from the judgment of sentence entered January 22, 2014, by the Honorable Carol L. Van Horn, Court of Common Pleas of Franklin County. On appeal, Kenyon argues that his conviction for aggravated assault was against the weight of the evidence. No relief is due.

On January 28, 2013, an altercation occurred between Kenyon and Joseph Brumfield ("the victim"), over allegations that Kenyon may have been involved with the girlfriend of Antonio Hadrick, who was one of the victim's friends. Hadrick, the victim, and the victim's girlfriend, Christina Bossinger, arranged to meet with Kenyon in order to confront him. As the

---

[*] Retired Senior Judge assigned to the Superior Court.

argument grew heated, the victim punched Kenyon twice in the face, knocking him to the ground. In response, Kenyon stabbed the victim five times with a concealed knife, which resulted in serious injury.

Following a jury trial on November 26, 2013, Kenyon was convicted of two counts of aggravated assault.[1] On January 22, 2014, the trial court sentenced Kenyon to four to ten years' incarceration. Thereafter, Kenyon filed a timely post-sentence motion requesting a new trial on the basis that the verdict was against the weight of the evidence, which the trial court denied following a hearing. This timely appeal followed.

We review a challenge to the weight of the evidence as follows:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Brown*, 71 A.3d 1009, 1013 (Pa. Super. 2013) (citation omitted; brackets in original), *appeal denied*, 77 A.3d 635 (Pa. 2013).

_____

[1] 18 Pa.C.S.A. § 2702(a)(1), (4).

Kenyon argues that the verdict was against the weight of the evidence because the jury erroneously disregarded his self-defense claim. "The use of force upon or toward another person is justifiable when the actor believes that such force is immediately necessary for the purpose of protecting himself against the use of unlawful force by the other person." 18 Pa.C.S.A. § 505(a). "Although the defendant has no burden to prove self-defense, … before the defense is properly in issue, 'there must be some evidence, from whatever source, to justify such a finding.'" *Commonwealth v. Mouzon*, 53 A.3d 738, 740 (Pa. 2012) (citation omitted). Once a justification defense is properly raised, "the Commonwealth bears the burden to disprove such a defense beyond a reasonable doubt." *Commonwealth v. Torres*, 766 A.2d 342, 345 (Pa. 2001) (citations omitted).

The Commonwealth sustains its burden if "it establishes at least one of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked or continued the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety." *Commonwealth v. McClendon*, 874 A.2d 1223, 1230 (Pa. Super. 2005) (citation omitted). "It remains the province of the [finder of fact] to determine whether the accused's belief was reasonable, whether he was free of provocation, and whether he had no duty to retreat." *Id*. (citation omitted).

> The Commonwealth can negate a self-defense claim if it proves
> the defendant did not reasonably believe he was in imminent

danger of death or great bodily injury and it was necessary to use deadly force to save himself from that danger.

> The requirement of reasonable belief encompasses two aspects, one subjective and one objective. First, the defendant must have acted out of an honest, bona fide belief that he was in imminent danger, which involves consideration of the defendant's subjective state of mind. Second, the defendant's belief that he needed to defend himself with deadly force, if it existed, must be reasonable in light of the facts as they appeared to the defendant, a consideration that involves an objective analysis.

***Commonwealth v. Smith***, ___ A.3d ___, ___, 2014 WL 3844118 at *3-4

(Pa. Super., filed Aug. 6, 2014) (citations omitted).

In rejecting Kenyon's weight of the evidence claim, the trial court determined that there was little to no evidence to suggest that Kenyon was in imminent danger of death or serious bodily injury:

> Neither [the victim, Bossigner, nor Hadrick] had any weapons on them, or threated [Kenyon] at the scene with any weapons. [The victim] attacked [Kenyon] with his fists, but [Hadrick and Bossinger] stood by the car and observed. Yet, [Kenyon] responded to [the victim's] punches with deadly force by stabbing him five times in the abdomen and causing extensive physical damage. The victim's injuries were horrific and substantial, but there was no visible injuries on [Kenyon's] face. Additionally, [Kenyon] stabbed the victim with a knife he had purposefully concealed before the victim attacked him. Although the victim was physically larger than [Kenyon] and hit [Kenyon] twice, once even knocking him to the ground, [Kenyon] was not warranted in removing the knife from his sleeve and immediately employing deadly force. ***See Commonwealth v. Hill***, 629 A.2d 949, 952 (Pa. Super. 1993) ("although the victim grabbed [appellant] by the collar and was physically larger than him, this does not invite one to grab a knife and use deadly force on a vital part of the body.").

Trial Court Opinion, 4/9/14 at 11-12.

We agree with the trial court's cogent analysis. The evidence presented was insufficient to support a finding that Kenyon – either subjectively or objectively – reasonably believed he was in danger of death or serious bodily injury. The jury clearly concluded that Kenyon unreasonably and unjustifiably escalated the confrontation when he stabbed the victim five times with a concealed blade. Based on the foregoing, we do not find that the jury's verdict "shocks one's sense of justice" so that a new trial is warranted. Accordingly, we find the trial court properly exercised its discretion in denying Kenyon's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2014